[No. 10403.　Department Two.　May 23, 1912.]

FRANK KAIN et al., Respondents, v. TWIN CITY LIGHT & TRACTION COMPANY, Appellant.[1]

MUNICIPAL CORPORATIONS — STREETS — ABUTTERS — DAMAGES — CHANGE OF GRADE—ACTS BY RAILROAD UNDER FRANCHISE. A city is not shown to be responsible for damages incident to a change of grade in a street made by a railroad company in constructing its tracks under a franchise, where the only portion of the ordinance relating to the change of grade introduced in evidence was the provisions fixing the location of the railroad in such street, and requiring the tops of rails to be laid flush with the actual grade of the street.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered October 6, 1911, upon the verdict

1Reported in 123 Pac. 791.

of a jury rendered in favor of the plaintiffs, in an action in tort. Affirmed.

*Forney & Ponder,* for appellant.

*W. E. Bishop,* for respondents.

MORRIS, J.—Respondents, owners of a lot abutting on National street, Chehalis, brought this action to recover damages caused by appellant in the construction of its railway line upon the street in front of the premises, and recovered a judgment of $400, from which this appeal is taken. The errors assigned are in the admission of testimony and in the giving and refusal of instructions, based upon appellant's theory that the work was being done under the authority and for the benefit of the city, and hence damages against appellant could not be recovered for such injuries to the property as were incident to the grade of the street and the building of the railway upon such grade.

It is sufficient to say, in disposing of these alleged errors, without more specific reference to them, that the record does not substantiate appellant's theory that the city was responsible for the change in the grade of the street. No such defense was pleaded, and no evidence establishing such fact appears in the record. Respondents pleaded that the appellant constructed its road under a franchise from the city contained in an ordinance, the title to which was pleaded, from which it appears that the ordinance fixes the grade and elevations upon which the road should be constructed. Neither party, however, introduced this ordinance in evidence, nor any part of it, except that part introduced by appellant showing the provision for the location of its road along National street, adjacent to the premises in question, and that part introduced by respondents providing that, in the building of the road, the rails should be laid so that the tops thereof should be flush with the top of the actual grade of the street, where such streets had been graded and ac-

cepted by the city. It cannot, therefore, be said that the record establishes the fact that the grade of the roadbed of appellant was constructed upon elevations established by the city, nor that the city itself, through appellant, established and constructed the grade of the street in front of respondents' property.

We therefore find no error in the matters complained of, and the judgment is affirmed.

DUNBAR, C. J., ELLIS, MOUNT, and FULLERTON, JJ., concur.